IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
SAMSUNG ELECTRONICS CO, LTD,            No    C-00-4524 VRW
        Plaintiff,                            ORDER
        v
QUANTA COMPUTER, INC, et al,
        Defendants.
                                    /
```

        The court has received two letters dated February 14 and 16, 2006, from counsel for defendant Compal Electronics, Inc, and two letters dated February 15, 2006, from counsel for defendant Quanta Computer, Inc, and from counsel for plaintiff Samsung Electronics Co, Ltd.

        Compal's Valentine's Day letter requests the court to continue the expert discovery cutoff, the hearing and filing deadline for summary judgment motions and the pretrial conference date, because (1) a further claim construction on a term is scheduled for hearing on April 13, 2006, one week after the opening summary judgment briefs are due, and (2) one of Compal's attorneys, Matthew J Hult, has a "long-scheduled honeymoon in March."

In this extraordinary series of letters, Quanta has agreed to Compal's request to continue these dates, but Samsung strenuously refuses, apparently unmoved by Mr Hult's honeymoon plans.  Unable to resolve this critical matter on its own, Compal's counsel has sought relief from the court.

Accordingly, the court ORDERS the following:  (1) the hearing on summary judgment and <u>Daubert</u> motions will be continued to June 15, 2006, and the last day to file these motions will be May 11, 2006, and (2) the expert discovery cutoff and pretrial conference date will remain as previously scheduled.  The court notes that extending the expert discovery cutoff is unnecessary, given that such extrinsic evidence will not be considered in the further claim construction.  And if the court changes its prior claim construction and the parties believe that additional expert discovery is necessary, the parties can raise this issue at a later date, but they are directed to limit their submissions to intrinsic evidence until further order of the court.

Because the parties failed to file their letters, the clerk is DIRECTED to docket these letters and include them in the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge