IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMSUNG ELECTRONICS CO, LTD,           No   C-00-4524 VRW

    Plaintiff,                                   ORDER

    v

QUANTA COMPUTER, INC et al,

    Defendants.
_____/

        The court has before it motions in limine filed by both parties.  As the court writes principally for the parties, it will simply address seriatim certain issues raised in those motions, without laying out the full factual background of each of the motions.  To the extent an issue is not addressed in this order, it is because the court has concluded that the issue is not an appropriate subject for a motion in limine or is not ripe for decision and will, therefore, be deemed DENIED.  The court anticipates addressing such issues as they occur at trial, if necessary, and outside the hearing of the jury, if appropriate. As the parties are on notice of each other's contentions regarding the admissibility of certain evidence, the court expects counsel to be

well-prepared at trial to address issues of relevance, foundation and admissibility.

**(1) Samsung's motion to preclude Compal from arguing that the IBM PC Convertible or Poqet PC anticipate asserted claims of the '273 patent (Doc #460)**

Samsung asks the court to preclude testimony regarding anticipation because the court's summary judgment order already resolved the issue. Compal agrees, at least "in principle," but seeks clarification that Samsung's motion would not affect Compal's ability to argue that the prior art renders the claimed invention obvious pursuant to 35 USC § 103.

Because Compal "does not intend to argue at trial that either the IBM PC Convertible or Poqet PC anticipate the '273 patent under 35 USC § 102," this motion does not concern a material dispute. Accordingly, Samsung's motion is DENIED.

**(2) Samsung's motion to preclude Compal from presenting non-infringement theories inconsistent with the court's claim construction (Doc #461)**

Samsung's motion begins with the non-controversial proposition that the evidence and argument at trial should conform to the court's claim construction. But, as Compal notes, the relief sought by Samsung's motion exceeds this proposition and attempts to convert the court's denial of Compal's motion for summary judgment of non-infringement into settled factual findings adverse to Compal.

For example, Samsung's motion asks the court to prevent

2

1  Compal from arguing that claims 1 and 5 of the '273 patent cannot
2  encompass a keyboard and keyboard controller that share any common
3  circuitry.  But the court's order did not preclude this argument;
4  rather, it stated that "[a]t this point, defendants have not
5  convincingly demonstrated that for the keyboard and keyboard
6  controller to share a microprocessor core necessarily renders them
7  electronically and functionally indistinct."  Doc #423.
8          In any event, the court anticipates the parties will not
9  offer evidence contrary to the claim construction order.  Should
10 that occur, the court will deal with such evidence's admissibility
11 at trial.  Accordingly, Samsung's motion is DENIED.

**(3)  Samsung's motion to exclude evidence of litigation settlement agreements (Doc #485)**

        Both parties agree that evidence, argument and testimony concerning the terms of the settlement agreements Samsung reached with third parties Inventec, Arima, Twinhead and Quanta should be excluded at trial pursuant to FRE 408.  Moreover, the parties appear to agree that the *existence* of settlement agreements may be admissible for limited purposes, although the relevance of this evidence is not clear to the court.

        Federal Rule of Evidence 408 provides that "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to validity or amount, is not admissible to prove liability or invalidity of the claim or its amount."  FRE 408.  This rule does not necessarily require exclusion here because

3

the parties do not seek to offer the existence of a settlement agreement to prove "liability or invalidity of the claim."

Yet, even with a limiting instruction, a jury may still impermissibly infer that Samsung's settlement with third parties bears on the validity of Samsung's claim vis-a-vis Compal. Hence, exclusion under FRE 403 may be appropriate if the danger of unfair prejudice — i e, the threat of this impermissible inference — substantially outweighs the evidence's probative value. According to the advisory notes, in assessing the FRE 403 calculus, the court should also consider the availability of other means of proof. See FRE 403, Advisory Committee Notes. Hence, the court will not entirely preclude reference to settlement but will require a party seeking to admit such evidence to obtain an order governing admissibility prior to offering such evidence. Accordingly, Samsung's motion is DENIED.

**(4)** **Samsung's motion to preclude evidence, argument and reference to patent claims that were voluntarily withdrawn (Doc #462)**

Samsung moves in limine for the court to preclude Compal from referencing the five patent infringement claims previously asserted by Samsung in this action that were voluntarily dismissed by stipulation of the parties. Samsung asserts that it withdrew these patents "voluntarily [to] streamline the case and reduce the number of issues for discovery and trial." As such, Samsung contends that reference to these patents would not satisfy FRE 402's relevance standard, or alternatively, would inflict unfair prejudice substantially outweighing any probative value under FRE 403.

**4**

Compal argues that the five withdrawn patents may be relevant to its defense against Samsung's claim for willfulness. In particular, the withdrawn patent claims explain the timing of the written opinion Compal received from its counsel regarding potential infringement of the six patents Samsung originally asserted.  Further, whether Compal reasonably believed it had a meritorious defense is a consideration in determining willfulness; that Samsung voluntarily dismissed five claims of patent infringement is relevant to the reasonability of such a belief.

Because referencing the withdrawn patents may be relevant to Samsung's claim for willfulness, categorical exclusion under Samsung's motion is inappropriate.  Accordingly, Samsung's motion is DENIED.

(5)   **Samsung's motion to exclude evidence and argument concerning other litigation regarding the patent-in-suit (Doc #464)**

Samsung asks the court to exclude any evidence concerning its litigation against other defendants.  In particular, Samsung worries that a jury may speculate that "(1) Samsung lost these actions; (2) these actions still are pending or (3) Samsung did not, or was unable to, reach agreement with these defendants."  Doc #464.

In response, Compal argues that testimony and evidence adduced at the prior litigation concerning the '273 patent is directly relevant on at least two grounds:  "(1) testimony by Samsung's employees agents in the prior litigation is admissible for all purposes; and (2) prior testimony at deposition and in hearings is admissible for impeachment on cross-examination."  Doc

#499.

At the hearing on the present motions, the parties resolved this dispute; namely, Compal will not refer to other litigation concerning the patent-in-suit.  Accordingly, Samsung's motion is DENIED.

(6) <u>Samsung's motion to preclude admission of Dr Swatzlander's deposition testimony (Doc #465)</u>

Samsung asks the court to prevent Compal from making any reference to testimony from Dr Swartzlander, an expert Samsung retained in the Texas litigation.  Dr Swartzlander's testimony allegedly fails under FRE 702 for being "conclusory and unsupported by the evidence."  The court rejects Samsung's questionable attack of its own expert.  While Samsung is free to switch legal theories during the course of litigation, it may not obscure the resulting inconsistencies and twist the rules of evidence to avert impeachment.

Accordingly, Samsung's motion is DENIED.  To the extent Samsung raises hearsay objections concerning Dr Swartlander's availability pursuant to FRE 804, the court reserves decision.

(7) <u>Samsung's motion to preclude Compal from presenting certain incorrect and inadmissible evidence concerning Samsung's licensing activities (Doc #486)</u>

During discovery in 2001, Samsung's witnesses (correctly) testified that no defendant had taken a license to the '273 patent.  Samsung seeks to exclude this testimony because it cannot "cure" the "misleading testimony through rebuttal testimony from its own

6

witnesses without giving testimony concerning the litigation settlement agreements, evidence of which should be excluded from trial under Rules 402, 403 and 408."

But this testimony is not misleading.  Deposition testimony in 2001 only speaks to licensing efforts as of 2001; it does not bear on events in 2006.  Hence, this testimony does not force Samsung to disclose the settlement agreement because there is no plausible inference for Samsung to rebut.  Moreover, Samsung can cure any prejudice without disclosing the terms of the settlement agreements.  Accordingly, Samsung's motion is DENIED.

**(8)   Compal's motion to preclude testimony from Dr Robert G Wedig concerning undisclosed expert opinions (Doc #473)**

Compal moves for the court to prevent Dr Wedig from asserting that the use of the patented invention increased reliability in notebook computers because Dr Wedig did not provide a complete statement of his opinion regarding this theory in his written expert witness reports.

FRCP 26(a)(2)(B) requires expert witnesses to provide a written report that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor."  FRCP 26(a)(2)(B).  An expert report is to be a detailed and complete statement of the testimony of the expert on direct examination. FRCP 26 Advisory Committee Note to 1993 amendment.  If a party's expert witness, without substantial justification, fails to disclose such information, then FRCP 37(c)(1) provides that the party "shall not, unless such failure is harmless, be permitted to use [such information] as evidence at a trial."  FRCP 37(c)(1).

7

Compal's argument fails because Dr Wedig's theory is not new. Throughout his expert report, Dr Wedig acknowledges that prior art computer systems suffered from poor operation due to interference between multiple programs using hot keys and that the '273 patent resolved these interference problems. Deducing that increased reliability would result from resolving these interference problems constitutes a trivial inference, not a "new reliability theory." As such, Samsung is hardly engaging in "trial by ambush" in violation of FRCP 26(a)(2)(B). Accordingly, Compal's motion is DENIED.

(9)  <u>Compal's motion to preclude Samsung from calling Unki Kim as a witness at trial (Doc #474)</u>

Compal moves to preclude Samsung from calling Unki Kim as witness at trial because Samsung did not identify him to testify until September 5, 2006. Samsung asserts that Unki Kim was recently added to replace Justin Ji, who left the employ of Samsung after the December 21, 2005, discovery cut-off, although Samsung fails to inform the court precisely when Justin Ji departed or explain why it waited until last month to replace him.

The issue appears to be moot in light of the bifurcation of injunctive relief claims. Accordingly, Compal's motion is DENIED.

(10) <u>Compal's motion to preclude reference to pre-litigation settlement negotiations (Doc #448)</u>

In October 2000, prior to commencing the present suit, Samsung sent Compal a cease-and-desist letter, alleging

8

infringement of the '273 patent. This letter triggered a series of meetings and negotiations to resolve the dispute, including offers and counter-offers regarding licensing terms. Compal contends that evidence of theses negotiations should be excluded under FRE 408. In response, Samsung argues FRE 408 does not apply because the pre-litigation negotiations dealt with licensing, not settlement.

FRE 408 provides that "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to validity or amount, is not admissible to prove liability or invalidity of the claim or its amount." FRE 408. Hence, FRE 408 may exclude evidence of pre-litigation negotiations, so long as the parties "disputed" the validity or amount of the claim.

Samsung correctly notes that in patent licensing negotiations, the threat of enforcement necessarily looms in the background. Hence, the question is whether negotiations "crystallized to the point of threatened litigation." See <u>Big O Tire Dealers, Inc v Goodyear Tire & Rubber Co</u>, 561 F2d 1365, 1372 (10th Cir 1977).

Here, the threat of litigation did not merely loom in the background. In Samsung's first communication, it demanded that Compal "immediately cease the infringement of Samsung patents, including the cessation of all manufacturing and sales of the infringing products in the various nations and territories in which Samsung has procured patent rights." Jones decl, Ex 6. When negotiations stalled, Samsung warned Compal that its "current approach to this matter [could] negatively affect [Compal's]

9

position with Samsung and result in a serious problem after this November." Id, Ex 9. When compromise failed, Samsung followed through on its earlier threats and filed this action on October 13, 2000.

Contrary to Samsung's characterization, these negotiations were not standard "business communications." Samsung expressly and impliedly threatened suit throughout the negotiations. Under these circumstances, Samsung's license offers and Compal's counter-offer are precisely the sort of settlement offers — made in an effort to avoid litigation — that FRE 408 bars. Moreover, permitting Samsung to use these licensing offers in trial would frustrate FRE 408's underlying purpose: "the promotion of the public policy favoring the compromise and settlement of disputes." FRE 408, Advisory Committee Notes.

Nonetheless, FRE 408 only precludes Samsung from using these pre-litigation settlement negotiations to establish infringement or the amount of Compal's liability. Consequently, some evidence regarding the pre-litigation negotiations may be admissible. For example, to demonstrate Compal had actual notice of the '273 patent and Samsung's assertion of infringement, Samsung intends to offer Exhibit STX 227, Samsung's initial letter it sent to Compal on February 5, 1999.

Because portions of the pre-litigation negotiation may satisfy FRE 408, the court declines to exclude evidence regarding the negotiations. The court anticipates addressing this issue with respect to specific evidence as it is offered at trial.

//
//

10

**(11) <u>Compal's motion to preclude testimony or new analysis from Paul Meyer regarding the impact of different operating systems on his damages analysis (Doc #449)</u>**

Compal asks the court to preclude Samsung's damages expert witness, Paul Meyer, from offering any supplemental damages calculation that multiplies the designated royalty rate by a royalty base that consists only of Compal's 32U, 32U2, 32U3, 32U5, 32NN, 32T3, 32T5 and 32T6 products when sold with Windows NT. Apparently, the royalty rate presented in Meyer's expert witness report is generated by multiplying the royalty rate against a royalty base consisting of all accused Compal computer products. As such, the report does not contain any damage calculations for use if the jury finds that only claims 1, 3 and 4 of the '273 patent are infringed by certain Compal computer products sold with specific operating systems.

As Samsung notes, Compal's motion is predicated on the occurrence of two contingent events: Compal must be found to infringe claims 1, 3 or 4, but not claims 5, 6 or 7 and Compal must prevail on its argument that its products using an operating system other than Windows NT do not infringer claims 1, 3 or 4. As a result, this motion does not concern a ripe controversy. If these two events occur, the court may address this issue upon Compal's renewed objection. Accordingly, Compal's motion is DENIED.

//
//
//
//
//

11

**(12) <u>Compal's motion to preclude argument attempting to swear behind Compal's prior art (Doc #450)</u>**

Compal urges the court to preclude Samsung from swearing behind Compal's prior art references because: (1) the testimony of '273 patent's inventors cannot establish an invention before November 9, 1990, (2) Samsung's corroborating documents and testimony are either inadmissible or do not corroborate any date of conception prior to October 26, 1990.

Testimony of a named inventor is inadequate as a matter of law to establish either conception or reduction to practice. <u>Chen v Bourchard</u>, 347 F3d 1299, 1309-10 (Fed Cir 2003). Instead, testimony of an inventor must be corroborated, the adequacy of which is measured under a "rule of reason" standard. <u>Lack Indus, Inc v McKechnie Vehicle Components USA, Inc</u>, 322 F3d 1335, 1349 (Fed Cir 2003).

Although questions of law, the issues of priority, conception and reduction to practice often require factual determinations by a jury. <u>Cooper v Goldfarb</u>, 154 F3d 1321, 1327 (Fed Cir 1998). Hence, Compal's motion attempts to turn a factual issue, which encompasses the apparently disputed meaning of certain evidence and the disputed credibility of witnesses, into a *de facto* summary judgment issue. The court declines to resolve these factual disputes.

The only evidentiary issue posed in Compal's motion is whether Mr Goodman's daily planner constitutes inadmissible hearsay. The court finds that the statements in the planner evidence Mr Goodman's then-present state of mind under FRE 803(3), which exempts "statement[s] of the declarant's then existing state

**12**

of mind * * * (such as intent, plan, motive, design, mental feeling, pain and bodily health)." FRE 803(3). Accordingly, Mr Goodman's daily planner does not require exclusion under FRE 802 and Compal's motion is DENIED.

   IT IS SO ORDERED.

            /s/ Vaughn Walker

            VAUGHN R WALKER
            United States District Chief Judge