**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMSUNG ELECTRONICS CO, LTD,               No   C-00-4524 VRW

      Plaintiff,                              ORDER

      v

QUANTA COMPUTER, INC et al,

      Defendants.
_____/


      Following review of the parties' submissions, the court
hereby proposes the following preliminary and final jury
instructions and special verdict form.  These proposed instructions
are served on the parties in advance of trial in order to assist
them in their trial preparation and to prompt such valid objections
as they may have to present.  Additionally, the court proposes that
the preliminary instructions be distributed to the jurors for
reference during the trial.

//

1        If necessary, the court will entertain objections to the

2   proposed preliminary jury instructions at a conference in person or

3   via telephone with Mr Anthony and Mr Fowler, and them alone, to

4   take place during the week of October 23, 2006.

5

6        IT IS SO ORDERED.

7

8   _____

9   VAUGHN R WALKER

10  United States District Chief Judge

**United States District Court**

For the Northern District of California

**2**

**PRELIMINARY INSTRUCTION – DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.  Should there be any differences between these preliminary instructions and the final instructions, the final instructions should govern your consideration of the evidence and deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

United States District Court

For the Northern District of California

1

**PRELIMINARY INSTRUCTION – BACKGROUND OF PATENT SYSTEM**

2

3    This case involves a dispute relating to a United States
4  patent.  Before summarizing the positions of the parties and the legal
5  issues involved in the dispute, let me take a moment to explain what
6  a patent is and how one is obtained.

7    Patents are granted by the United States Patent and
8  Trademark Office (sometimes called "the PTO").  The process of
9  obtaining a patent is called patent prosecution.  A valid United
10  States patent gives the patent owner the right for up to 20 years from
11  the date the patent application was filed to prevent others from
12  making, using, offering to sell or selling the patented invention
13  within the United States or from importing it into the United States
14  without the patent holder's permission.  A violation of the patent
15  owner's rights is called infringement.  The patent owner may try to
16  enforce a patent against persons believed to be infringers by a
17  lawsuit filed in federal court.

18    To obtain a patent, one must file an application with the
19  PTO.  The PTO is an agency of the federal government and employs
20  trained examiners who review applications for patents.  The
21  application includes what is called a "specification," which must
22  contain a written description of the claimed invention telling what
23  the invention is, how it works, how to make it and how to use it so
24  others skilled in the field will know how to make or use it.  The
25  specification concludes with one or more numbered sentences.  These
26  are the patent "claims." When the patent is eventually granted by the
27  PTO, the claims define the boundaries of its protection and give

28

United States District Court

For the Northern District of California

notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed.  In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art."  The examiner also will review prior art if it is submitted to the PTO by the applicant.  Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art.  In general, prior art includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country.  The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art.  A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus would be "allowed."  This writing from the patent examiner is called an "office action."  If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims.  This process, which is confidential between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent.  The papers generated during this time of

communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material is kept secret between the applicant and the PTO for some time, often until the patent is issued, when it becomes available to the public.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent deserves the protection of a patent. For example, the PTO may not have had available to it all other prior art that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

PRELIMINARY INSTRUCTION – SUMMARY OF CONTENTIONS

        To help you follow the evidence, I will now give you a summary of the positions of the parties.  The parties in this case are Samsung and Compal.

        This case involves one patent, US patent no 5,333,273.  For convenience, the parties and I will often refer to this patent by its last three numbers — the '273 patent.  The patent is entitled "Protected Hot Key Function for Microprocessor Based Component System."  The '273 patent was obtained by inventors Michael Goodman and Charles Raasch, and was assigned to AST Research.  On April 21, 1999, AST Research assigned the patent to Samsung.

        Samsung filed suit in this court seeking money damages from Compal for allegedly infringing the '273 patent by making, importing, using, selling, and offering for sale products that Samsung argues are covered by claims 1 and 3 through 7 of the '273 patent.  Samsung also argues that Compal has actively induced infringement of these claims of the '273 patent by others and contributed to the infringement of these claims of the '273 patent by others.  The products that are alleged to infringe are partially and fully assembled notebook computers made by Compal.

        Compal denies that it has infringed claims 1 and 3 through 7 of the '273 patent and argues that, in addition, the claims are invalid.

        Your job will be to decide whether claims 1 and 3 through 7 of the '273 patent have been infringed and whether those claims are invalid.  If you decide that any claim of the '273 patent has been

7

infringed and is not invalid, you will then need to decide any money damages to be awarded to Samsung to compensate it for the infringement. You will also need to make a finding whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account later.

Because the definition or meaning of claims is a matter of law, it is my job as judge to determine the meaning of any claim language that needs interpretation. You must accept the meanings I give you and use them to decide whether any claim of the patent has been infringed and whether any claim is invalid.

**INFRINGEMENT – BURDEN OF PROOF**

I will now summarize the patent law applicable to the specific issues in the case.   Samsung alleges that Compal has infringed claims 1 and 3 through 7 of the '273 patent.   To prove infringement of any claim, Samsung must persuade you that it is more likely than not that Compal has infringed that claim.

**United States District Court**

For the Northern District of California

**DIRECT INFRINGEMENT**

A patent's claims define what is covered by the patent.  A product directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process.  The first step is to decide the meaning of the patent claim.  I have already made this decision, and I will instruct you as to the meaning of the asserted patent claims after the evidence has been presented.  The second step is to decide whether Compal has made, used, sold, offered for sale or imported within the United States a product covered by a claim of the '273 patent.  You, the jury, make this decision.

With one exception, you must consider each of the asserted claims of the patent individually, and decide whether any of Compal's products infringe that claim.  The one exception to considering claims individually concerns dependent claims.  A dependent claim includes all of the requirements of a particular independent claim, plus additional requirements of its own.  As a result, if you find that an independent claim is not infringed, you must find that its dependent claims are also not infringed.  On the other hand, if you find that an independent claim has been infringed, you must still separately decide whether the additional requirements of its asserted dependent claims have also been infringed.

There are two ways in which a patent claim may be directly infringed.  A claim may be "literally" infringed, or it may be infringed under the "doctrine of equivalents."  The following

instructions will provide more detail on these two types of direct infringement.

**LITERAL INFRINGEMENT**

To decide whether any of Compal's products literally infringe a claim of the '273 patent, you must compare that product with the patent claim and determine whether every requirement of the claim is included in that product.  If so, the product literally infringes that claim.  If, however, Compal's product does not have every requirement in the patent claim, that product does not literally infringe that claim.  You must decide literal infringement for each asserted claim separately.

**United States District Court**
For the Northern District of California

1

2

3

**INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

**If you decide that Compal's products do not literally infringe an asserted patent claim, you must then decide whether that product infringes the asserted claim under what is called the "doctrine of equivalents."**

**Under the doctrine of equivalents, a product can infringe an asserted patent claim if the product includes parts that are identical or equivalent to the requirements of the claim.  If the product is missing an identical or equivalent part to even one requirement of the asserted patent claim, the product cannot infringe the claim under the doctrine of equivalents.  Therefore, in making your decision under the doctrine of equivalents, you must look at each individual requirement of the asserted patent claim and decide whether the product has an identical or equivalent part to that individual claim requirement.**

**A part of a product is equivalent to a requirement of an asserted claim if a person of ordinary skill in the field would think that the differences between the part and the requirement were not substantial as of the time of the alleged infringement.**

**One way to decide whether any difference between a requirement of an asserted claim and a part of the product is not substantial is to consider whether, as of the time of the alleged infringement, the part of the product performed substantially the same function, in substantially the same way, to achieve substantially the same result as the requirement in the claim.**

13

**United States District Court**
For the Northern District of California

1

2

### INDIRECT INFRINGEMENT – GENERALLY

3          Samsung also argues that Compal contributed to infringement
4  by another and induced another to infringe claims 1 and 3 through 7
5  of the '273 patent.  Compal cannot contributorily infringe or induce
6  infringement unless Samsung proves that someone other than Compal
7  directly infringes the patent claim by making, using, selling,
8  offering for sale or importing a product that includes all of the
9  requirements of the asserted claims.  If there is no direct
10 infringement, Compal cannot have contributed to infringement or
11 induced infringement.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

1

2

**CONTRIBUTORY INFRINGEMENT**

3        Samsung argues that Compal has contributed to infringement

4   by another.  Contributory infringement may arise when someone supplies

5   something that is used to infringe one or more of the patent claims.

6

7        In order for there to be contributory infringement by

8   Compal, someone other than Compal must directly infringe a claim of

9   the '273 patent; if there is no direct infringement by anyone, there

10  can be no contributory infringement.

11       If you find someone has directly infringed the '273 patent,

12  then contributory infringement exists if:

13           (1)   Compal supplied an important component of the

14                 infringing part of the product;

15           (2)   the component is not a common component suitable for

16                 non-infringing use; and

17           (3)   Compal supplied the component with the knowledge of

18                 the '273 patent and knowledge that the component was

19                 especially made or adapted for use in an infringing

20                 manner.

21

22

23

24

25

26

27

28

15

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INDUCING PATENT INFRINGEMENT

Samsung argues that Compal has actively induced another to infringe the '273 patent.  In order for there to be inducement of infringement by Compal, someone else must directly infringe a claim of the '273 patent; if there is no direct infringement by anyone, there can be no inducement of infringement.

Active inducement exists if Compal took action that actually induced direct infringement by another, and Compal knew or should have known that taking such action would induce direct infringement.  It is not enough that the Compal knew only of the acts alleged to constitute infringement; Compal must have known that those acts actually constituted infringement.  Compal cannot be liable for inducing infringement if it was not aware of the existence of the '273 patent.

**16**

**United States District Court**
For the Northern District of California

1

**WILLFUL INFRINGEMENT**

2

3        In this case, Samsung argues both that Compal infringed and
4   that Compal infringed willfully.   To prove willful infringement,
5   Samsung must persuade you that it is "highly probable" that Compal
6   willfully infringed.

7        Specifically, Samsung must demonstrate that it is highly
8   probable that:

9        (A)   Compal had actual knowledge of the '273 patent; and
10       (B)   Compal had no reasonable basis for believing (1) that
11             Compal's product did not infringe the '273 patent or
12             (2) that the '273 patent was invalid.

13       In deciding whether Compal committed willful infringement,
14  you must consider all of the facts, which include but are not limited
15  to:

16       (A)   whether Compal intentionally copied a product of
17             Samsung covered by the '273 patent;

18       (B)   whether Compal, when it learned of Samsung's patent
19             protection, investigated the scope of the patent and
20             formed a good-faith belief that the patent was invalid
21             or that it was not infringed;

22       (C)   whether Compal had a substantial defense to
23             infringement and reasonably believed that the defense
24             would be successful if litigated;

25       (D)   whether Compal made a good faith effort to avoid
26             infringing the patent; and

27       (E)   whether Compal relied on a legal opinion that appeared

28

17

1     to it to be well-supported and believable and that

2     advised Compal (1) that the product did not infringe

3     the '273 patent or (2) that the '273 patent was

4     invalid.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

**INVALIDITY – BURDEN OF PROOF**

I will now discuss the rules regarding whether claims 1 and 3 through 7 of the '273 patent are invalid.  To prove invalidity of any patent claim, Compal must persuade you that it is highly probable that the claim is invalid.

**United States District Court**

For the Northern District of California

1

2

**ANTICIPATION**

3

4

        A patent claim is invalid if the claimed invention is not

new.  For the claim to be invalid because it is not new, all of its

requirements must be in a single previous device or method, or

described in a single previous publication or patent.  We call these

things "prior art references."  The description in a reference does

not have to be in the same words as the claim, but all the

requirements must be there, either stated or necessarily implied, so

that someone of ordinary skill in the field of microprocessor-based

computer systems looking at that one reference would be able to make

and use the claimed invention.

**United States District Court**

For the Northern District of California

1

2

### OBVIOUSNESS

3

4     A patent claim is invalid if the claimed invention would
have been obvious to a person of ordinary skill in the field at the

5     time the application was filed.  This means that even if all of the

6     requirements of the claim cannot be found in a single prior art

7     reference that would anticipate the claim or constitute a statutory

8     bar to that claim, a person of ordinary skill in the field of

9     microprocessor-based computer systems who knew about all this prior

10    art would have come up with the claimed invention.

11     The claimed invention is not obvious unless there was

12    something in the prior art or within the understanding of a person of

13    ordinary skill in the field that would suggest the claimed invention.

14    You must be careful not to determine obviousness using the benefit of

15    hindsight.  You should put yourself in the position of a person of

16    ordinary skill in the field at the time the invention was made and you

17    should not consider what is known today or what is learned from the

18    teaching of the patent.

19     Your conclusion about the question whether a claim is

20    obvious must be based on several factual decisions that you must make.

21    First, you must decide the scope and content of the prior art.

22    Second, you must decide what difference, if any, exists between the

23    claim and the prior art.  Third, you must decide the level of ordinary

24    skill in the field that someone would have had at the time the claimed

25    invention was made.  Finally, you must consider any evidence with

26    respect to the following:

27     (1)  commercial success due to the merits of the claimed

28

**United States District Court**
For the Northern District of California

1   invention;

2   **(2) a long felt need for the solution provided by the**

3   **claimed invention;**

4   **(3) unsuccessful attempts by others to find the solution**

5   **provided by the claimed invention;**

6   **(4) copying of the claimed invention by others;**

7   **(5) unexpected superior results from the claimed**

8   **invention;**

9   **(6) acceptance by others of the claimed invention as shown**

10   **by praise from others in the field or from the**

11   **licensing of the claimed invention; and**

12   **(7) independent invention of the claimed invention by**

13   **others before or at about the same time as the named**

14   **inventor thought of it.**

15   **The presence of the first six considerations may be an**

16   **indication that a claimed invention would not have been obvious at the**

17   **time this invention was made; the presence of the final consideration**

18   **may be an indication that the claimed invention would have been**

19   **obvious at such time.  Although you must consider any evidence of**

20   **these considerations, the importance of any of them to your decision**

21   **on whether the claimed invention would have been obvious is up to you.**

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

1

PRELIMINARY INSTRUCTION -  WHAT IS EVIDENCE

2

3          The evidence you are to consider in deciding what the facts

4  are consists of:

5               (1)  the   sworn   testimony   of   any   witness,   including

6                    depositions and declarations;

7               (2)  the exhibits which are received into evidence and

8               (3)  any facts to which the lawyers stipulate.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY INSTRUCTION - WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard and

(4)  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

United States District Court

For the Northern District of California

24

**PRELIMINARY INSTRUCTION - EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

PRELIMINARY INSTRUCTION - DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

PRELIMINARY INSTRUCTION - RULING ON OBJECTIONS

2

3        There are rules of evidence that control what can be
4   received into evidence.  When a lawyer asks a question or offers an
5   exhibit into evidence and a lawyer on the other side thinks that it
6   is not permitted by the rules of evidence, that lawyer may object.
7   If I overrule the objection, the question may be answered or the
8   exhibit received.  If I sustain the objection, the question cannot
9   be answered, and the exhibit cannot be received.  Whenever I
10  sustain an objection to a question, you must ignore the question
11  and must not guess what the answer might have been.

12        Sometimes I may order that evidence be stricken from the
13  record and that you disregard or ignore the evidence.  That means
14  that when you are deciding the case, you must not consider the
15  evidence that I told you to disregard.

16

17

18

19

20

21

22

23

24

25

26

27

28

27

**PRELIMINARY INSTRUCTION - CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)   the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)   the witness' memory;

    (3)   the witness' manner while testifying;

    (4)   the witness' interest in the outcome of the case and any bias or prejudice;

    (5)   whether other evidence contradicted the witness' testimony;

    (6)   the reasonableness of the witness' testimony in light of all the evidence and

    (7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

### PRELIMINARY INSTRUCTION - BURDEN OF PROOF

In any legal action, facts must be proved by a required standard of evidence, known as the "burden of proof."  There will be two burdens of proof in this case:  preponderance of the evidence and clear and convincing evidence.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more likely true than not true.  Put another way, "preponderance of the evidence" means evidence that has more convincing force than that opposed to it.  If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue predominates, your finding on that issue must be against the party who had the burden of proving it.

Clear and convincing evidence is a higher burden of proof.  It requires that you be persuaded that it is highly probable that what the party seeks to prove is true.

You may have heard of a burden of proof that is used in criminal cases called "beyond a reasonable doubt."  That requirement is the highest burden of proof and does not apply to a patent case; hence, you should completely ignore it.

**United States District Court**
For the Northern District of California

1

PRELIMINARY INSTRUCTION - CONDUCT OF THE JURY

2

3          I will now say a few words about your conduct as jurors.

4          First, you are not to discuss this case with anyone,

5   including your fellow jurors, members of your family, people

6   involved in the trial, or anyone else.  Nor are you allowed to

7   permit others to discuss the case with you.  If anyone approaches

8   you and tries to talk to you about the case please let me know

9   about it immediately;

10          Second, do not read any news stories or articles or

11   listen to any radio or television reports about the case or about

12   anyone who has anything to do with it;

13          Third, do not do any research, such as consulting

14   dictionaries, searching the Internet or using other reference

15   materials, and do not make any investigation about the case on your

16   own;

17          Fourth, if you need to communicate with me simply give a

18   signed note to the clerk to give to me; and

19          Fifth, do not make up your mind about what the verdict

20   should be until after you have gone to the jury room to decide that

21   case and you and your fellow jurors have discussed the evidence.

22   Keep an open mind until then.

23

24

25

26

27

28

PRELIMINARY INSTRUCTION - NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

United States District Court

For the Northern District of California

**PRELIMINARY JURY INSTRUCTION - TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

**United States District Court**
For the Northern District of California

1   PRELIMINARY INSTRUCTION - OUTLINE OF TRIAL

2

3        The trial will now begin.  First, each side may make an

4   opening statement.  An opening statement is not evidence.  It is

5   simply an outline to help you understand what that party expects

6   the evidence will show.

7        Samsung will then present its evidence on its contention

8   that some claims of the '273 patent have been and continue to be

9   infringed by Compal and that the infringement has been and

10  continues to be willful.  To prove infringement of any claim,

11  Samsung must persuade you that it is more likely than not that

12  Compal has infringed that claim.  To persuade you that any

13  infringement was willful, Samsung must prove that it is highly

14  probable that the infringement was willful.

15       Compal will go next and present its evidence that the

16  claims of the '273 patent are invalid.  To prove invalidity of any

17  claim, Compal must persuade you that it is highly probable that the

18  claim is invalid.  In addition to presenting its evidence of

19  invalidity, Compal will put on evidence responding to Samsung's

20  infringement and willfulness contentions.

21       Samsung will then return and will put on evidence

22  responding to Compal's contention that the claims of the '273

23  patent are invalid.  Samsung will also have the option to put on

24  what is referred to as "rebuttal" evidence to any evidence offered

25  by Compal of non-infringement or lack of willfulness.

26       Finally, Compal will have the option to put on "rebuttal"

27  evidence to any evidence offered by Samsung on the validity of the

28

33

claims of the '273 patent.

During the presentation of the evidence, the attorneys will be allowed brief opportunities to explain what they believe the evidence has shown or what they believe upcoming evidence will show.  Such comments are not evidence and are being allowed solely for the purpose of helping you understand the evidence.

After the evidence has been presented, I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments.  Closing arguments are not evidence.  After the instructions and closing arguments, you will then decide the case.

**United States District Court**

For the Northern District of California

1
2

## PRELIMINARY INSTRUCTIONS - GLOSSARY

3       Some of the terms in this glossary will be defined in
4   more detail in the legal instructions you are given.  The
5   definitions in the instructions must be followed and must control
6   your deliberations.

7       Abstract:  A brief summary of the technical disclosure in
8   a patent to enable the US Patent and Trademark Office and the
9   public to determine quickly the nature and gist of the technical
10  disclosure in the patent.

11      Amendment:  A patent applicant's change to one or more
12  claims or to the specification either in response to an office
13  action taken by a patent examiner or independently by the patent
14  applicant during the patent application examination process.

15      Anticipation:  A situation in which a claimed invention
16  describes an earlier invention and, therefore, is not considered
17  new and is not entitled to be patented.

18      Assignment:  A transfer of patent rights to another
19  called an "assignee" who upon transfer becomes the owner of the
20  rights assigned.

21      Claim:  Each claim of a patent is a concise, formal
22  definition of an invention and appears at the end of the
23  specification in a separately numbered paragraph.  In concept, a
24  patent claim marks the boundaries of the patent in the same way
25  that a legal description in a deed specifies the boundaries of
26  land, i e, similar to a land owner who can prevent others from
27  trespassing on the bounded property, the inventor can prevent

28

United States District Court

For the Northern District of California

others from using what is claimed.  Claims may be independent or dependent.  An independent claim stands alone.  A dependent claim does not stand alone and refers to one or more other claims.  A dependent claim incorporates whatever the other referenced claim or claims say.

Conception:  The complete mental part of the inventive act which must be capable of proof, as by drawings, disclosure to another, etc.

Drawings:  The drawings are visual representations of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention.

Elements:  The required parts of a device or the required steps of a method.  A device or method infringes a patent if it contains each and every requirement of a patent claim.

Embodiment:  A product or method that contains the claimed invention.

Enablement:  A description of the invention that is sufficient to enable persons skilled in the field of the invention to make and use the invention.  The specification of the patent must contain such an enabling description.

Examination:  Procedure before the U.S. Patent and Trademark Office whereby a patent examiner reviews the filed patent application to determine if the claimed invention is patentable.

Filing Date:  Date a patent application, with all the required sections, has been submitted to the US Patent and Trademark Office.

**United States District Court**
For the Northern District of California

Infringement:  Violation of a patent occurring when someone makes, uses or sells a patented invention, without permission of the patent holder, within the United States during the term of the patent.  Infringement may be direct, by inducement, or contributory.  Direct infringement is making, using or selling the patented invention without permission.  Inducing infringement is intentionally causing another to directly infringe a patent. Contributory infringement is offering to sell or selling an item that is a significant part of the invention, so that the buyer directly infringes the patent.  To be a contributory infringer one must know that the part being offered or sold is designed specifically for infringing the patented invention and is not a common object suitable for non-infringing uses.

Limitation:  A required part of an invention set forth in a patent claim.  A limitation is a requirement of the invention. The word "limitation" is often used interchangeably with the word "requirement."

Nonobviousness:  One of the requirements for securing a patent.  To be valid, the subject matter of the invention must not have been obvious to a person of ordinary skill in the field of the invention at the time of the earlier of the filing date of the patent application or the date of invention.

Office Action:  A written communication from the patent examiner to the patent applicant in the course of the application examination process.

Patent:  A patent is an exclusive right granted by the US Patent and Trademark Office to an inventor to prevent others from

making, using or selling an invention for a term of 20 years from the date the patent application was filed (or 17 years from the date the patent issued).  When the patent expires, the right to make, use or sell the invention is dedicated to the public.  The patent has three parts, which are a specification, drawings and claims.  The patent is granted after examination by the US Patent and Trademark Office of a patent application filed by the inventor which has these parts, and this examination is called the prosecution history.

Patent and Trademark Office (PTO):  An administrative branch of the US Department of Commerce that is charged with overseeing and implementing the federal laws of patents and trademarks.  It is responsible for examining all patent applications and issuing all patents in the United States.

Prior Art:  Previously known subject matter in the field of a claimed invention for which a patent is being sought.  It includes issued patents, publications, and knowledge deemed to be publicly available such as trade skills, trade practices and the like.

Prosecution History:  The prosecution history is the complete written record of the proceedings in the PTO from the initial application to the issued patent.  The prosecution history includes the office actions taken by the PTO and the amendments to the patent application filed by the applicant during the examination process.

Reads On:  A patent claim "reads on" a device or method when each required part (requirement) of the claim is found in the

device or method.

Reduction to Practice:  The invention is "reduced to practice" when it is sufficiently developed to show that it would work for its intended purpose.

Requirement:  A required part or step of an invention set forth in a patent claim.  The word "requirement" is often used interchangeably with the word "limitation."

Royalty:  A royalty is a payment made to the owner of a patent by a non-owner in exchange for rights to make, use or sell the claimed invention.

Specification:  The specification is a required part of a patent application and an issued patent.  It is a written description of the invention and of the manner and process of making and using the claimed invention.

United States District Court

For the Northern District of California

JURY INSTRUCTION DURING TRIAL

**United States District Court**
For the Northern District of California

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

41

**JURY INSTRUCTION DURING TRIAL -**

**CAUTIONARY INSTRUCTION - FIRST RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about this case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

**JURY INSTRUCTION DURING TRIAL –**

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of _____, which was taken on _____, is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

United States District Court

For the Northern District of California

43

**JURY INSTRUCTION DURING TRIAL -**

**USE OF INTERROGATORIES OF A PARTY**

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures.  The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

1

**FINAL JURY INSTRUCTIONS**

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you in these instructions whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following these instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything I may have said or done during the trial any suggestion as to what verdict you should return--that is a matter entirely up to you.

United States District Court

For the Northern District of California

1

### SUMMARY OF CONTENTIONS

2

3      I will first give you a summary of each side's

4 contentions in this case.  I will then tell you what each side must

5 prove to win on each of its contentions.  As I previously told you,

6 Samsung seeks money damages from Compal for allegedly infringing

7 the '273 patent by making, importing, using, selling and offering

8 for sale products that Samsung argues are covered by claims 1 and 3

9 through 7 of the '273 patent.

10      Samsung also argues that Compal has actively induced

11 infringement of these claims of the '273 patent by others and

12 contributed to the infringement of these claims of the '273 patent

13 by others.  The products that are alleged to infringe are partially

14 and fully assembled notebook computers with various model numbers.

15      Compal denies that it has infringed the asserted claims

16 of the patent and argues that, in addition, claims 1 and 3 through

17 7 are invalid.

18      Your job is to decide whether the asserted claims of the

19 '273 patent have been infringed and whether any of the asserted

20 claims of the '273 patent are invalid.  If you decide that any

21 claim of the patent has been infringed and is not invalid, you will

22 then need to decide any money damages to be awarded to Samsung to

23 compensate it for the infringement.  You will also need to make a

24 finding whether the infringement was willful.  If you decide that

25 any infringement was willful, that decision should not affect any

26 damage award you make.  I will take willfulness into account later.

27

28

**United States District Court**
For the Northern District of California

**INTERPRETATION OF CLAIMS**

I have interpreted the meaning of some of the language in the patent claims involved in this case.  You must accept those interpretations as correct.  My interpretation of the language should not be taken as an indication that I have a view regarding the issues of infringement and invalidity.  The decisions regarding infringement and invalidity are yours to make.

(1)  "ISA-compatible computer":  a computer that can handle ISA standard defined interrupts.  An ISA-compatible computer must be physically capable of handling all ISA standard defined interrupts.

(2)  "conventional alphanumeric keys":  keys that correspond to the letters of an alphabet, the decimal digits and punctuation symbols.

(3)  "conventional function keys":  the function keys identified as F1 through F12.

(4)  "conventional symbol keys":  keys that correspond to conventional symbols, such as @, $, %, ^, &, *.

(5)  "conventional cursor control keys (claims :  Keys identified as the 'Home' key, the 'End' key and the 'left and right arrow' keys.

(6)  "data scan code" and "scan code":  a code number that the keyboard generates whenever a key is depressed or released, said scan code number created by converting a pairing of a row signal and a column signal in the

48

keyboard matrix.

(7) "keyboard controller": a component, electronically or functionally distinct from the keyboard, that activates interrupts signals in response to receipt of data scan codes from the keyboard and, upon request, transmits the data scan code to the computer.

(8) "keyboard": an input apparatus containing internal circuitry to output or generate data scan codes.

(9) "coupled to": joining or fastening one electronically or functionally discrete thing to another.

(10) "first interrupt signal": the ISA standard IRQ1 interrupt signal which is activated by the keyboard controller in response to the activation of any of the conventional keys.

(11) "second interrupt signal": any interrupt other than IRQ1.

(12) "first interrupt signal line": a signal line from the keyboard controller connected to the ISA-compatible computer for transmitting the first interrupt signal.

(13) "second interrupt signal line": a second, separate signal line from the keyboard controller connected to the ISA-compatible computer for transmitting the second interrupt signal.

(14) "first conventional interrupt handling routine": a first interrupt handling routine that responds to the first interrupt signal from the keyboard controller by inputting data scan codes originating at the keyboard.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

(15) "second non-conventional interrupt handling routine":  a second interrupt handling routine, which, in response to the second interrupt signal inputs an identification of said activated alphanumeric key, and performs a predetermined function selected by the alphanumeric key.

(16) "indexes or indexing":  selects or accesses.

(17) "program":  a handling routine that causes the computer to receive keyboard scan codes from the keyboard controller.

(18) "special routine":  a routine that is executed upon receipt of the second interrupt signal.

(19) "interrupt controller":  a device coupled to the keyboard controller that generates one of a number of interrupt vectors depending on the interrupt signal received.

(20) "interrupt vector":  identifies a particular interrupt signal and also corresponds to an interrupt handling routine.

(21) "indexing one of a plurality of memory locations":  to utilize an interrupt vector to access a memory location corresponding to an interrupt vector.

(22) "indexes a first memory location pointer":  selects or accesses an identifier that corresponds to the start of the first conventional interrupt handling routine.

(23) "indexing a second memory location":  selects or accesses an identifier that corresponds to the start of the second non-conventional interrupt handling routine.

**INFRINGEMENT – BURDEN OF PROOF**

I will now instruct you on the rules you must follow in deciding whether Samsung has proven that Compal has infringed one or more of the asserted claims of the '273 patent.  To prove infringement of any claim, Samsung must persuade you that it is more likely than not that Compal has infringed that claim.

**United States District Court**

For the Northern District of California

**DIRECT INFRINGEMENT**

A patent's claims define what is covered by the patent. A product directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process.  The first step is to decide the meaning of the patent claim.  I have already made this decision, and I have already instructed you as to the meaning of the asserted patent claims.  The second step is to decide whether Compal has made, used, sold, offered for sale or imported within the United States a product covered by a claim of the '273 patent.  You, the jury, make this decision.

With one exception, you must consider each of the asserted claims of the patent individually, and decide whether any of Compal's products infringe that claim.  The one exception to considering claims individually concerns dependent claims.  A dependent claim includes all of the requirements of a particular independent claim, plus additional requirements of its own.  As a result, if you find that an independent claim is not infringed, you must find that its dependent claims are also not infringed.  On the other hand, if you find that an independent claim has been infringed, you must still separately decide whether the additional requirements of its asserted dependent claims have also been infringed.

There are two ways in which a patent claim may be directly infringed.  A claim may be "literally" infringed, or it

United States District Court

For the Northern District of California

may be infringed under the "doctrine of equivalents."  The following instructions will provide more detail on these two types of direct infringement.

1

2

## LITERAL INFRINGEMENT

3        To decide whether any of Compal's products literally
infringe a claim of the '273 patent, you must compare that product
with the patent claim and determine whether every requirement of
the claim is included in that product.  If so, the product
literally infringes that claim.  If, however, Compal's product does
not have every requirement in the patent claim, that product does
not literally infringe that claim.  You must decide literal
infringement for each asserted claim separately.

United States District Court
For the Northern District of California

1

**INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

2

3       If you decide that Compal's products do not literally
4   infringe an asserted patent claim, you must then decide whether
5   that product infringes the asserted claim under what is called the
6   "doctrine of equivalents."

7       Under the doctrine of equivalents, a product can infringe
8   an asserted patent claim if the product includes parts that are
9   identical or equivalent to the requirements of the claim.  If the
10  product is missing an identical or equivalent part to even one
11  requirement of the asserted patent claim, the product cannot
12  infringe the claim under the doctrine of equivalents.  Therefore,
13  in making your decision under the doctrine of equivalents, you must
14  look at each individual requirement of the asserted patent claim
15  and decide whether the product has an identical or equivalent part
16  to that individual claim requirement.

17      A part of a product is equivalent to a requirement of an
18  asserted claim if a person of ordinary skill in the field would
19  think that the differences between the part and the requirement
20  were not substantial as of the time of the alleged infringement.

21      One way to decide whether any difference between a
22  requirement of an asserted claim and a part of the product is not
23  substantial is to consider whether, as of the time of the alleged
24  infringement, the part of the product performed substantially the
25  same function, in substantially the same way, to achieve
26  substantially the same result as the requirement in the patent
27  claim.

28

United States District Court

For the Northern District of California

1         In deciding whether any difference between a claim

2    requirement and the product is not substantial, you may consider

3    whether, at the time of the alleged infringement, persons of

4    ordinary skill in the field would have known of the

5    interchangeability of the part with the claimed requirement.  The

6    known interchangeability between the claim requirement and the part

7    of the product is not necessary to find infringement under the

8    doctrine of equivalents.  Yet, known interchangeability may support

9    a conclusion that the difference between the part in the product

10   and the claim requirement is not substantial.  That a part of the

11   product performs the same function as the claim requirement is not,

12   by itself, sufficient to show known interchangeability.

13        You may not use the doctrine of equivalents to find

14   infringement if you find that Compal's products are the same as

15   what was in the prior art before the application for the '273

16   patent or what would have been obvious to persons of ordinary skill

17   in the field in light of what was in the prior art.  A patent

18   holder may not obtain, under the doctrine of equivalents,

19   protection that it could not have lawfully obtained from the Patent

20   and Trademark Office.

21

22

23

24

25

26

27

28

56

United States District Court

For the Northern District of California

**LIMITATIONS ON THE DOCTRINE OF EQUIVALENTS**

Because Samsung made certain claim limitations during the patent application process for the '273 patent, the doctrine of equivalents analysis cannot be applied to the following requirements of the asserted claims:

The second limitation of claim 1 requires that "said keyboard controller responsive to an activation of said additional function key in combination with at least one of said conventional alphanumeric keys to generate a second interrupt signal."  I have determined that Samsung is not entitled to assert that a non-alphanumeric key is equivalent to an alphanumeric key.

## DETERMINATION OF INFRINGEMENT

Taking each claim of the '273 patent separately, if you find that Samsung has proved that it is more likely than not that each and every limitation is present, either literally or under the doctrine of equivalents, in any of Compal's accused products, then you must find that Compal's product infringes that claim.

## INDIRECT INFRINGEMENT - GENERALLY

Samsung also argues that Compal contributed to infringement by another of and induced another to infringe claims 1 and 3 through 7 of the '273 patent.  Compal cannot contributorily infringe or induce infringement unless Samsung proves that someone other than Compal directly infringes the patent claim by making, using, selling, offering for sale or importing a product that includes all of the requirements of the asserted claims.  If there is no direct infringement, Compal cannot have contributed to infringement or induced infringement.

United States District Court

For the Northern District of California

59

CONTRIBUTORY INFRINGEMENT

Samsung argues that Compal has contributed to infringement by another.  Contributory infringement may arise when someone supplies something that is used to infringe one or more of the patent claims.

In order for there to be contributory infringement by Compal, someone other than Compal must directly infringe a claim of the '273 patent; if there is no direct infringement by anyone, there can be no contributory infringement.

If you find someone has directly infringed the '273 patent, then contributory infringement exists if:

(1)  Compal supplied an important component of the infringing part of the product;

(2)  the component is not a common component suitable for non-infringing use; and

(3)  Compal supplied the component with the knowledge of the '273 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

1

2

### INDUCING PATENT INFRINGEMENT

3        Samsung argues that Compal has actively induced another

4    to infringe the '273 patent.  In order for there to be inducement

5    of infringement by Compal, someone else must directly infringe a

6    claim of the '273 patent; if there is no direct infringement by

7    anyone, there can be no inducement of infringement.

8        Active inducement exists if Compal took action that

9    actually induced direct infringement by another, and Compal knew or

10   should have known that taking such action would induce direct

11   infringement.  It is not enough that the Compal knew only of the

12   acts alleged to constitute infringement; Compal must have known

13   that those acts actually constituted infringement.  Compal cannot

14   be liable for inducing infringement if it was not aware of the

15   existence of the '273 patent.

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**WILLFUL INFRINGEMENT**

In this case, Samsung argues both that Compal infringed and that Compal infringed willfully.  To prove willful infringement, Samsung must persuade you that it is "highly probable" that Compal willfully infringed.

Specifically, Samsung must demonstrate that it is highly probable that:

(A)   Compal had actual knowledge of the '273 patent; and

(B)   Compal had no reasonable basis for believing (1) that Compal's product did not infringe the '273 patent or (2) that the '273 patent was invalid.

In deciding whether Compal committed willful infringement, you must consider all of the facts, which include but are not limited to:

(A)   whether Compal intentionally copied a product of Samsung covered by the '273 patent;

(B)   whether Compal, when it learned of Samsung's patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid or that it was not infringed;

(C)   whether Compal had a substantial defense to infringement and reasonably believed that the defense would be successful if litigated;

(D)   whether Compal made a good faith effort to avoid infringing the patent; and

(E)   whether Compal relied on a legal opinion that

62

appeared to it to be well-supported and believable and that advised Compal (1) that the product did not infringe the '273 patent or (2) that the '273 patent was invalid.

**INVALIDITY - BURDEN OF PROOF**

     I will now instruct you on the rules you must follow in deciding whether Compal has proven that claims 1 and 3 through 7 of the '273 patent are invalid.  To prove invalidity of any patent claim, Compal must persuade you that it is highly probable that the claim is invalid.  I will now instruct you on the invalidity issues that you will have to decide in this case.

**United States District Court**
For the Northern District of California

1

### ANTICIPATION

2

3       A patent claim is invalid if the claimed invention is not

4   new.  For the claim to be invalid because it is not new, all of its

5   requirements must be in a single previous device or method, or

6   described in a single previous publication or patent.  We call

7   these things "prior art references."  The description in a

8   reference does not have to be in the same words as the claim, but

9   all the requirements must be there, either stated or necessarily

10  implied, so that someone of ordinary skill in the field of

11  microprocessor-based computer systems looking at that one reference

12  would be able to make and use the claimed invention.

13       Here is a list of the ways that Compal can show that a

14  patent claim was not new:

15            (1)  If the claimed invention was already publicly known

16                 or publicly used by others in the United States

17                 before the date of conception by the inventors of

18                 the '273 patent.

19            (2)  If the claimed invention was already patented or

20                 described in a printed publication anywhere in the

21                 world before the date of conception by the inventors

22                 of the '273 patent.  A reference is a "printed

23                 publication" if it is accessible to those interested

24                 in the field, even if it is difficult to find.

25            (3)  If the claimed invention was already described in

26                 another issued US patent or published US patent

27                 application that was based on a patent application

28

65

United States District Court

For the Northern District of California

filed before November 9, 1990.

(4)  If Samsung and Compal dispute who is a first
inventor, the person who first conceived of the
claimed invention and first reduced it to practice
is the first inventor.  If one person conceived of
the claimed invention first, but reduced to practice
second, that person is the first inventor only if
that person (a) began to reduce the claimed
invention to practice before the other party
conceived of it and (b) continued to work diligently
to reduce it to practice.  A claimed invention is
"reduced to practice" when it has been tested
sufficiently to show that it will work for its
intended purpose or when it is fully described in a
filed patent application.

Since it is in dispute, you must determine a date of
conception for the claimed and allegedly prior inventions.
Conception is the mental part of an inventive act and is proven
when the invention is shown in its complete form by drawings,
disclosure to another or other forms of evidence presented at
trial.

United States District Court

For the Northern District of California

1

## OBVIOUSNESS

2

3      A patent claim is invalid if the claimed invention would
4  have been obvious to a person of ordinary skill in the field at the
5  time the application was filed.  This means that even if all of the
6  requirements of the claim cannot be found in a single prior art
7  reference that would anticipate the claim or constitute a statutory
8  bar to that claim, a person of ordinary skill in the field of
9  microprocessor-based computer systems who knew about all this prior
10  art would have come up with the claimed invention.

11      The claimed invention is not obvious unless there was
12  something in the prior art or within the understanding of a person
13  of ordinary skill in the field that would suggest the claimed
14  invention.  You must be careful not to determine obviousness using
15  the benefit of hindsight.  You should put yourself in the position
16  of a person of ordinary skill in the field at the time the
17  invention was made and you should not consider what is known today
18  or what is learned from the teaching of the patent.

19      Your conclusion about the question whether a claim is
20  obvious must be based on several factual decisions that you must
21  make.  First, you must decide the scope and content of the prior
22  art.  Second, you must decide what difference, if any, exists
23  between the claim and the prior art.  Third, you must decide the
24  level of ordinary skill in the field that someone would have had at
25  the time the claimed invention was made.  Finally, you must
26  consider any evidence that has been presented with respect to the
27  following:

28

**United States District Court**
For the Northern District of California

(1)   commercial success due to the merits of the claimed invention;

(2)   a long felt need for the solution provided by the claimed invention;

(3)   unsuccessful attempts by others to find the solution provided by the claimed invention;

(4)   copying of the claimed invention by others;

(5)   unexpected superior results from the claimed invention;

(6)   acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention; and

(7)   independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it.

The presence of any of these considerations may be an indication that a claimed invention would not have been obvious at the time this invention was made, and the presence of the final consideration may be an indication that the claimed invention would have been obvious at such time.  Although you must consider any evidence of these considerations, the importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

68

**SCOPE AND CONTENT OF PRIOR ART**

Samsung and Compal disagree whether any of the prior art references should be included in the prior art you use to decide the validity of claims 1 and 3 through 7 of the '273 patent.  In order to be considered as prior art to the '273 patent, these references must be reasonably related to the claimed invention of that patent.  A reference is reasonably related if it is in the same field as the claimed invention or is from another field that a person of ordinary skill in the field would look to in trying to solve the problem the named inventor was trying to solve.

**DIFFERENCES OVER THE PRIOR ART**

In reaching your conclusion whether or not claims 1 and 3 through 7 would have been obvious at the time the claimed invention was made, you should consider any difference or differences between the prior art references and the claimed requirements.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**LEVEL OF ORDINARY SKILL**

Several times in these instructions I have referred to a person of ordinary skill in the field of microprocessor-based computer systems.  It is up to you to decide the level of ordinary skill in the field of microprocessor-based computer systems.  You should consider all the evidence introduced at trial in making this decision, including:

> (1)  the levels of education and experence of persons working in the field;

> (2)  the types of problems encountered in the field; and

> (3)  the sophistication of the technology.

Samsung contends that the level of ordinary skill in the field was a bachelor of science degree in electrical engineering with more than two years of experience in the field of computer hardware or software design, or an engineer with a master of science degree in electrical engineering or computer engineering and one year in the field.

Compal contends that the level of ordinary skill in the field was a bachelor of science degree in electrical or computer engineering with two or three years of experience.

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DAMAGES – BURDEN OF PROOF

I will instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win on any issue. If you find that Compal infringed any valid claim of the '273 patent, you must then determine the amount of money damages to be awarded to Samsung to compensate it for the infringement.

The amount of those damages must be adequate to compensate Samsung for the infringement. A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred, but in no event may the damages award be less than a reasonable royalty. You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

Samsung has the burden to persuade you of the amount of its damages. You should award only those damages that Samsung more likely than not suffered. While Samsung is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty. Samsung is not entitled to damages that are remote or speculative.

**United States District Court**

For the Northern District of California

**REASONABLE ROYALTY – DEFINITION**

A royalty is a payment made to a patent holder in exchange for rights to make, use or sell the claimed invention.  A reasonable royalty is the payment that would have resulted from a negotiation between a patent holder and the infringer taking place at the time when the infringing sales first began.  In considering the nature of this negotiation, the focus is on what the expectations of the patent holder and infringer would have been had they entered into an agreement at that time and acted reasonably in their negotiations.  Yet, you must assume that both parties believed the patent was valid and infringed.  In addition, you must assume that patent holder and infringer were willing to enter into an agreement; your role is to determine what that agreement would have been.  The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

**DATE OF COMMENCEMENT- PRODUCTS**

Damages that Samsung may be awarded by you commence on February 5, 1999.

# WHAT IS EVIDENCE

      The evidence from which you are to decide what the facts are consists of:

    (1)  the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

    (2)  the exhibits which have been received into evidence and

    (3)  any facts to which all the lawyers have agreed or stipulated.

United States District Court

For the Northern District of California

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

2

3           Evidence may be direct or circumstantial.  Direct
4  evidence is direct proof of a fact, such as testimony by a witness
5  about what that witness personally saw or heard or did.
6  Circumstantial evidence is proof of one or more facts from which
7  you could find another fact.  You should consider both kinds of
8  evidence.  The law makes no distinction between the weight to be
9  given to either direct or circumstantial evidence.  It is for you
10 to decide how much weight to give to any evidence.

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness' memory;

(3)   the witness' manner while testifying;

(4)   the witness' interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness' testimony;

(6)   the reasonableness of the witness' testimony in light of all the evidence and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

### DISCREPANCIES IN TESTIMONY

78

Discrepancies in a witness' testimony or between such witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

United States District Court

For the Northern District of California

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case.

United States District Court

For the Northern District of California

1        **CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2

3            Certain charts and summaries that have not been received
4   in evidence have been shown to you in order to help explain the
5   contents of books, records, documents or other evidence in the
6   case.  They are not themselves evidence or proof of any facts.  If
7   they do not correctly reflect the facts or figures shown by the
8   evidence in the case, you should disregard these charts and
9   summaries and determine the facts from the underlying evidence.

United States District Court
For the Northern District of California

1

## CHARTS AND SUMMARIES IN EVIDENCE

2

3          Certain charts and summaries have been received into

4  evidence to illustrate information brought out in the trial.

5  Charts and summaries are only as good as the underlying evidence

6  that supports them.  You should, therefore, give them only such

7  weight as you think the underlying evidence deserves.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  Nothing that I have said or done, however, is intended to suggest what your verdict should be--that is entirely up to you to decide.

**United States District Court**
For the Northern District of California

## USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes.

United States District Court

For the Northern District of California

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing or orally here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the clerk or court security officer that you are ready to return to the courtroom.

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GLOSSARY**

Some of the terms in this glossary will be defined in more detail in the legal instructions you are given.  The definitions in the instructions must be followed and must control your deliberations.

Abstract:  A brief summary of the technical disclosure in a patent to enable the US Patent and Trademark Office and the public to determine quickly the nature and gist of the technical disclosure in the patent.

Amendment:  A patent applicant's change to one or more claims or to the specification either in response to an office action taken by a patent examiner or independently by the patent applicant during the patent application examination process.

Anticipation:  A situation in which a claimed invention describes an earlier invention and, therefore, is not considered new and is not entitled to be patented.

Assignment:  A transfer of patent rights to another called an "assignee" who upon transfer becomes the owner of the rights assigned.

Claim:  Each claim of a patent is a concise, formal definition of an invention and appears at the end of the specification in a separately numbered paragraph.  In concept, a patent claim marks the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land, i e, similar to a land owner who can prevent others from trespassing on the bounded property, the inventor can prevent

United States District Court

For the Northern District of California

others from using what is claimed.  Claims may be independent or dependent.  An independent claim stands alone.  A dependent claim does not stand alone and refers to one or more other claims.  A dependent claim incorporates whatever the other referenced claim or claims say.

Conception:  The complete mental part of the inventive act which must be capable of proof, as by drawings, disclosure to another, etc.

Drawings:  The drawings are visual representations of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention.

Elements:  The required parts of a device or the required steps of a method.  A device or method infringes a patent if it contains each and every requirement of a patent claim.

Embodiment:  A product or method that contains the claimed invention.

Enablement:  A description of the invention that is sufficient to enable persons skilled in the field of the invention to make and use the invention.  The specification of the patent must contain such an enabling description.

Examination:  Procedure before the U.S. Patent and Trademark Office whereby a patent examiner reviews the filed patent application to determine if the claimed invention is patentable.

Filing Date:  Date a patent application, with all the required sections, has been submitted to the US Patent and Trademark Office.

**United States District Court**

For the Northern District of California

1    Infringement:  Violation of a patent occurring when

2  someone makes, uses or sells a patented invention, without

3  permission of the patent holder, within the United States during

4  the term of the patent.  Infringement may be direct, by inducement,

5  or contributory.  Direct infringement is making, using or selling

6  the patented invention without permission.  Inducing infringement

7  is intentionally causing another to directly infringe a patent.

8  Contributory infringement is offering to sell or selling an item

9  that is a significant part of the invention, so that the buyer

10  directly infringes the patent.  To be a contributory infringer one

11  must know that the part being offered or sold is designed

12  specifically for infringing the patented invention and is not a

13  common object suitable for non-infringing uses.

14    Limitation:  A required part of an invention set forth in

15  a patent claim.  A limitation is a requirement of the invention.

16  The word "limitation" is often used interchangeably with the word

17  "requirement."

18    Nonobviousness:  One of the requirements for securing a

19  patent.  To be valid, the subject matter of the invention must not

20  have been obvious to a person of ordinary skill in the field of the

21  invention at the time of the earlier of the filing date of the

22  patent application or the date of invention.

23    Office Action:  A written communication from the patent

24  examiner to the patent applicant in the course of the application

25  examination process.

26    Patent:  A patent is an exclusive right granted by the US

27  Patent and Trademark Office to an inventor to prevent others from

28

making, using or selling an invention for a term of 20 years from the date the patent application was filed (or 17 years from the date the patent issued).  When the patent expires, the right to make, use or sell the invention is dedicated to the public.  The patent has three parts, which are a specification, drawings and claims.  The patent is granted after examination by the US Patent and Trademark Office of a patent application filed by the inventor which has these parts, and this examination is called the prosecution history.

Patent and Trademark Office (PTO):  An administrative branch of the US Department of Commerce that is charged with overseeing and implementing the federal laws of patents and trademarks.  It is responsible for examining all patent applications and issuing all patents in the United States.

Prior Art:  Previously known subject matter in the field of a claimed invention for which a patent is being sought.  It includes issued patents, publications, and knowledge deemed to be publicly available such as trade skills, trade practices and the like.

Prosecution History:  The prosecution history is the complete written record of the proceedings in the PTO from the initial application to the issued patent.  The prosecution history includes the office actions taken by the PTO and the amendments to the patent application filed by the applicant during the examination process.

Reads On:  A patent claim "reads on" a device or method when each required part (requirement) of the claim is found in the

device or method.

Reduction to Practice:  The invention is "reduced to practice" when it is sufficiently developed to show that it would work for its intended purpose.

Requirement:  A required part or step of an invention set forth in a patent claim.  The word "requirement" is often used interchangeably with the word "limitation."

Royalty:  A royalty is a payment made to the owner of a patent by a non-owner in exchange for rights to make, use or sell the claimed invention.

Specification:  The specification is a required part of a patent application and an issued patent.  It is a written description of the invention and of the manner and process of making and using the claimed invention.

**Proposed Special Verdict Form**

<u>**Question 1**</u>

Has Samsung proven by a preponderance of the evidence that Compal literally infringed any asserted claim of the '273 patent? ("yes" is a finding for Samsung; "no" is a finding for Compal)

  (i)  claim 1  yes_____  no_____

  (ii)  claim 3  yes_____  no_____

  (iii)  claim 4  yes_____  no_____

  (iv)  claim 5  yes_____  no_____

  (v)  claim 6  yes_____  no_____

  (vi)  claim 7  yes_____  no_____

<u>**Question 2**</u>

Has Samsung proven by a preponderance of the evidence that Compal infringed any asserted claim of the '273 patent under the doctrine of equivalents? ("yes" is a finding for Samsung; "no" is a finding for Compal)

  (i)  claim 1  yes_____  no_____

  (ii)  claim 3  yes_____  no_____

  (iii)  claim 4  yes_____  no_____

  (iv)  claim 5  yes_____  no_____

  (v)  claim 6  yes_____  no_____

  (vi)  claim 7  yes_____  no_____

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

### Question 3

Has Samsung proven by a preponderance of the evidence that Compal induced another to infringe any asserted claim of the '273? ("yes" is a finding for Samsung; "no" is a finding for Compal)

| | | | |
|---|---|---|---|
| (i) | claim 1 | yes_____ | no_____ |
| (ii) | claim 3 | yes_____ | no_____ |
| (iii) | claim 4 | yes_____ | no_____ |
| (iv) | claim 5 | yes_____ | no_____ |
| (v) | claim 6 | yes_____ | no_____ |
| (vi) | claim 7 | yes_____ | no_____ |

### Question 4

Has Samsung proven by a preponderance of the evidence that Compal contributed to the infringement by another of any asserted claim of the '273? ("yes" is a finding for Samsung; "no" is a finding for Compal)

| | | | |
|---|---|---|---|
| (i) | claim 1 | yes_____ | no_____ |
| (ii) | claim 3 | yes_____ | no_____ |
| (iii) | claim 4 | yes_____ | no_____ |
| (iv) | claim 5 | yes_____ | no_____ |
| (v) | claim 6 | yes_____ | no_____ |
| (vi) | claim 7 | yes_____ | no_____ |

**Question 5**

Has Compal proven by clear and convincing evidence that any of the following claims of the '273 patent are invalid on the ground of anticipation? ("yes" is a finding for Compal; "no" is a finding for Samsung)

|     |         |         |
|-----|---------|---------|
| (i)   | claim 1 | yes_____   no_____ |
| (ii)  | claim 3 | yes_____   no_____ |
| (iii) | claim 4 | yes_____   no_____ |
| (iv)  | claim 5 | yes_____   no_____ |
| (v)   | claim 6 | yes_____   no_____ |
| (vi)  | claim 7 | yes_____   no_____ |

**Question 6**

Has Compal proven by clear and convincing evidence that any of the following claims of the '273 patent are invalid on the ground of obviousness? ("yes" is a finding for Compal; "no" is a finding for Samsung)

|     |         |         |
|-----|---------|---------|
| (i)   | claim 1 | yes_____   no_____ |
| (ii)  | claim 3 | yes_____   no_____ |
| (iii) | claim 4 | yes_____   no_____ |
| (iv)  | claim 5 | yes_____   no_____ |
| (v)   | claim 6 | yes_____   no_____ |
| (vi)  | claim 7 | yes_____   no_____ |

95

**United States District Court**
For the Northern District of California

Only answer questions 7 and 8 if you found at least one of the claims infringed and not invalid.

<u>Question 7</u>

Has Samsung proven by clear and convincing evidence that Compal's infringement of the '273 patent was willful? ("yes" is a finding for Samsung; "no" is a finding for Compal)

(i)      yes_____   no_____

<u>Question 8</u>

What amount of damages should be awarded to Samsung for infringement of the '273 patent by Compal?

$_____

We, the jury, have unanimously agreed to the answers to the above questions, and return such answers in open court as our verdict in this case.

Dated:_____   Foreperson:_____